**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ABELARDO M.-G.,

Petitioner,

v.

DAVID EASTERWOOD, *Acting Director of St. Paul Field Office, U.S. Immigrations and Customs Enforcement*; DAVID VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of the U.S. Department of Homeland Security*; and MIKE STASKO, *Warden of the Freeborn Adult Detention Center*,

Respondents.

Case No. 26-cv-3479 (LMP/SGE)

**ORDER**

---

On August 3, 2026, Petitioner Abelardo M.-G.[1] brought a petition for a writ of habeas corpus, challenging the legality of his arrest and detention. ECF No. 1. Abelardo's petition addressed the Government's[2] failure to obtain a warrant for his arrest and Abelardo's allegation that the Government could not justify his warrantless arrest under 8 U.S.C. § 1357(a)(2). *See generally id*. On August 27, 2026, the Court granted Abelardo's

---

[1] The Court uses the petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

[2] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Mike Stasko of Freeborn County has not participated in these proceedings.

petition, concluding that the Government had not met its burden to justify Abelardo's warrantless arrest. ECF No. 15 at 10. As a result, the Court ordered the Government to release Abelardo. *Id*. Complying, the Government released Abelardo the next day. ECF No. 17; *see also* ECF No. 18 ¶ 2 (Abelardo acknowledging that the Government timely released him). Judgment entered on August 28, 2026. ECF No. 16.

Abelardo now brings an emergency motion to enforce the Court's August 27, 2026 Order. ECF No. 18. Abelardo states that when he was released on August 28, 2026, the Government scheduled him to check in on October 1, 2026. *Id*. ¶ 2. Abelardo appeared at that check-in, and the Government "re-arrested and detained him." *Id*. ¶ 4. Abelardo argues that his arrest was, again, in violation of 8 U.S.C. § 1357(a)(2)'s warrantless arrest requirements, and that this new arrest presents materially indistinguishable circumstances from those the Court already considered. *See generally id*. ¶¶ 8–9, 13. Abelardo seeks "immediate judicial intervention to enforce the Court's prior Order" on the grounds that the Court has the authority to ensure compliance with its orders. *Id*. ¶¶ 19–20 (citing 28 U.S.C. § 1651(a)). Abelardo seeks immediate release. *Id*. ¶ 23.

The Court denies Abelardo's motion because—whatever the merits of his new warrantless arrest claim—there is no doubt that the Government complied with the Court's August 27, 2026 Order. *See* ECF No. 17. Notably, Abelardo himself acknowledges that the Government released him on August 28, 2026, and that he remained free until October 1, 2026. ECF No. 18 ¶ 15. Even so, he asserts that his October arrest violates the Court's order. That's not the case. The recent decision of United States District Judge Jeffrey M. Bryan in *Pablo F. v. Blanche*, No. 26-cv-3889 (JMB/SGE), 2026 WL 2874903 (D. Minn.

Sept. 24, 2026), illustrates why. There, Judge Bryan ordered Pablo released. *Id*. at *1. The Government subsequently "permitted Pablo F. to exit the building . . . but he was immediately swarmed by four ICE officers and handcuffed as soon as he stepped outside." *Id*. Pablo brought an enforcement motion, arguing that the Government failed to comply with Judge Bryan's order for release when it re-arrested him within seconds of releasing him. *Id*. at 2. Judge Bryan analyzed what it means to be "released" from custody and concluded that Pablo had *not* been "meaningfully released from custody." *Id*. at *2–3.

Here, Abelardo was released on August 28, 2026, and re-arrested on October 1, 2026. He spent more than a month free from custody. There is no basis on which the Court could conclude that the Government did not "meaningfully release" Abelardo. As a result, the Government complied with the Court's order. ECF No. 15 at 11 (ordering the Government to release Abelardo by August 28, 2026). As such, there is nothing left for the Court to enforce.

To be sure, Abelardo's re-arrest must be justified by the statutory and regulatory warrant requirements detailed in the Court's earlier order. *See* ECF No. 15 at 3–4. But whether the Government satisfied those requirements presents an entirely new claim based on entirely new facts. Abelardo is free to pursue his claim in a new habeas proceeding should he desire. A new petition will allow Abelardo to present both the factual and legal grounds for any new claims challenging his current detention, and the Government will be allowed to respond. But the Court will not disturb the August 27, 2026 Order, which provided Abelardo with the relief he sought. There is nothing more to be enforced.

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Abelardo M.-G.'s Emergency Motion To Enforce Judgment (ECF No. 18) is **DENIED.**

Dated: October 2, 2026

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge